IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
APR 2 2 2016
MATTHEW J. DYKMAN
CLERK

UNITED STATES OF AMERICA, )
)
    Plaintiff, )
)
vs. ) Cr. No. 13-1876 JB
)
JASON LOERA, )
)
    Defendant. )

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure 11, the parties notify the Court of the following agreement between the United States Attorney for the District of New Mexico, the Defendant, Jason Loera, and the Defendant's counsel, Jerry Walz, Esq.

### REPRESENTATION BY COUNSEL

1. The Defendant understands the Defendant's right to be represented by an attorney and is so represented. The Defendant has thoroughly reviewed all aspects of this case with the Defendant's attorney and is fully satisfied with that attorney's legal representation.

### RIGHTS OF THE DEFENDANT

2. The Defendant further understands the Defendant's rights:

    a. to plead not guilty, or having already so pleaded, to persist in that plea;

    b. to have a trial by jury; and

    c. at a trial:

        1) to confront and cross-examine adverse witnesses,

        2) to be protected from compelled self-incrimination,

3) to testify and present evidence on the Defendant's own behalf, and

4) to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3. The Defendant agrees to waive these rights and to plead guilty to Count 3 of the second superseding indictment in this case, charging a violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256, that being receipt of a visual depiction of a minor engaged in sexually explicit conduct.

## SENTENCING

4. The Defendant understands that the maximum penalty provided by law for this offense is:

   a. imprisonment for a period of not less than 5 years nor more than 20 years;

   b. a fine not to exceed the greater of $250,000, or twice the pecuniary gain to the Defendant or pecuniary loss to the victim;

   c. a term of supervised release of not less than 5 years nor more than life to follow any term of imprisonment. (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked — even on the last day of the term — and the Defendant could then be returned to another period of incarceration and a new term of supervised release.);

   d. a mandatory special penalty assessment of $100.00; and

   e. restitution as may be ordered by the Court.

5. The parties recognize that the federal sentencing guidelines are advisory, and that the Court is required to consider them in determining the sentence it imposes.

**DEFENDANT'S ADMISSION OF FACTS**

6. By my signature on this plea agreement, I, Jason Loera, am acknowledging that I am pleading guilty because I am, in fact, guilty of the offense(s) to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offense(s) to which I am pleading guilty beyond a reasonable doubt, including any facts alleged in the second superseding indictment that increase the statutory minimum or maximum penalties. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

On April 15, 2010, in the District of New Mexico, I knowingly received a visual depiction which I received using a means and facility of interstate and foreign commerce, and which visual depiction had been mailed and shipped and transported in and affecting interstate and foreign commerce, and which visual depiction contained materials which had been mailed and shipped and transported in interstate and foreign commerce by any means, including by computer, the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and is of such conduct (more commonly referred to, and referred to in this plea agreement, as "child pornography").

In particular, in 2010 I was working in New Mexico. On April 15, 2010, while I was in New Mexico, I knowingly downloaded and received from the internet using my Dell laptop computer an electronic file named 1271353272.rar that I knew contained child

3

pornography. In particular, that .rar file consisted of a series of approximately forty-five images of a prepubescent minor girl. Many of the images showed that minor child engaging in sexually explicit conduct, including an image entitled, "Casero 004.jpg." That image depicts the minor child engaging in oral-genital sex with an adult male.

The child pornography that I downloaded and received using the internet and my computer was not from New Mexico and had been transported in interstate or foreign commerce, and contained materials that had been transported in interstate or foreign commerce. In addition, the Dell computer and its hard drive that I used to download and receive the child pornography were both manufactured outside of New Mexico. After I downloaded the child pornography I looked at the images on occasion.

In addition to downloading child pornography from the internet to my Dell computer in New Mexico on April 15, 2010, I also did so on March 31, 2010 and April 2, 2010. When the FBI searched my residence in Albuquerque, New Mexico on November 20, 2012, I knowingly possessed child pornography on my Dell laptop and its hard drive (listed in the second superseding indictment) and on four Maxell CDs that were also manufactured outside of New Mexico and that are listed in the second superseding indictment. I had burned the CDs and saved some of the child pornography that was on my computer to the CDs. In all, I downloaded and possessed more than 600 images of child pornography, some of which depicted violence. I knew it was illegal to download and receive child pornography and to possess it and I am sorry for engaging in that criminal conduct.

7. By signing this plea agreement, the Defendant admits that there is a factual basis for each element of the crime to which the Defendant is pleading guilty. The Defendant agrees that

4

the Court may rely on any of these facts, as well as facts in the presentence report, to determine the Defendant's sentence, including, but not limited to, the advisory guideline offense level.

## **RECOMMENDATIONS**

8. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend as follows:

   a. The Defendant's offense level should be decreased by 2 levels under U.S.S.G. § 2G2.2(b)(1).

   b. The Defendant's offense level should be increased by 2 levels under U.S.S.G. § 2G2.2(b)(2).

   c. The Defendant's offense level should be increased by 4 levels under U.S.S.G. § 2G2.2(b)(4).

   d. The Defendant's offense level should be increased by 2 levels under U.S.S.G. § 2G2.2(b)(6).

   e. The Defendant's offense level should be increased by 5 levels under U.S.S.G. § 2G2.2(b)(7)(D).

   f. As of the date of this plea agreement, the Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. Consequently, pursuant to U.S.S.G. § 3E1.1(a), so long as the Defendant continues to accept responsibility for the Defendant's criminal conduct, the Defendant is entitled to a reduction of two levels from the base offense level as calculated under the sentencing guidelines, and if applicable, a reduction of an additional offense level pursuant to U.S.S.G. § 3E1.1(b). Further,

the United States is free to withdraw this recommendation if the Defendant engages in any conduct that is inconsistent with acceptance of responsibility between the date of this plea agreement and the sentencing hearing. Such conduct would include committing additional crimes, failing to appear in Court as required, and/or failing to obey any conditions of release that the Court has, or may, set.

 g. The Defendant understands that the above recommendations are not binding on the Court and that whether the Court accepts these recommendations is a matter solely within the discretion of the Court after it has reviewed the presentence report. Further, the Defendant understands that the Court may choose to vary from the advisory guideline sentence. If the Court does not accept any one or more of the above recommendations and reaches an advisory guideline sentence different than expected by the Defendant, or if the Court varies from the advisory guideline range, the Defendant will not seek to withdraw the Defendant's plea of guilty. In other words, regardless of any of the parties' recommendations, the Defendant's final sentence is solely within the discretion of the Court.

9. Apart from the recommendations set forth in this plea agreement, the United States and the Defendant reserve their rights to assert any position or argument with respect to the sentence to be imposed, including but not limited to the applicability of particular sentencing guidelines, adjustments under the guidelines, departures or variances from the guidelines, and the application of factors in 18 U.S.C. § 3553(a).

10. Regardless of any other provision in this plea agreement, the United States reserves the right to provide to the United States Pretrial Services and Probation Office and to the Court any information the United States believes may be helpful to the Court, including but not limited to information about the recommendations contained in this plea agreement and any relevant conduct under U.S.S.G. § 1B1.3.

## DEFENDANT'S ADDITIONAL AGREEMENT

11. The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

12. The Defendant agrees that, upon the Defendant's signing of this plea agreement, the facts that the Defendant has admitted in this plea agreement as set forth above, as well as any facts the Defendant admits in open court at the Defendant's plea hearing or any other hearing or in any filing with the Court, shall be admissible against the Defendant under Federal Rule of Evidence 801(d)(2)(A) in any subsequent proceeding, including a criminal trial, and the Defendant expressly waives the Defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 with regard to the facts the Defendant admits in conjunction with this plea agreement and associated proceedings.

## RESTITUTION

13. The parties agree that, as part of the Defendant's sentence, the Court may enter an order of restitution pursuant to 18 U.S.C. § 3663A.

## **FORFEITURE**

14. The Defendant voluntarily and immediately agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following assets and properties:

(A) Dell Laptop computer with an internal Hitachi 80 GB hard drive, model HTS541080G9AT00, serial number MPB4PAX6JD264M;

(B) Maxell CDs, identified by the New Mexico Regional Computer Forensics Laboratory as NM000912, NM000913, NM000914, and NM000915;

(C) Any other seized computer or computer-related media that contains evidence or was an instrumentality of a violation of 18 U.S.C. § 2252.

15. The Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to execution of any documents necessary to transfer the Defendant's interest in the above-described property to the United States.

16. The Defendant agrees to waive the right to notice of any forfeiture proceeding involving the above-described property.

17. The Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the above-described property. The Defendant knowingly and voluntarily waives all constitutional, legal, and equitable defenses to the forfeiture of said property in any proceeding. The Defendant agrees to waive any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of said property by the United States or any State or its subdivisions.

## SEX OFFENDER REGISTRATION AND NOTIFICATION

18. The Defendant understands that by pleading guilty, the Defendant will be required to register as a sex offender upon the Defendant's release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that independent of supervised release, the Defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the Defendant's life. The Defendant understands that the Defendant shall keep the Defendant's registration current, shall notify the state sex offender registration agency or agencies of any changes to the Defendant's name, place of residence, employment, or student status, or other relevant information within three business days after such change. The Defendant shall comply with requirements to periodically verify in person the Defendant's sex offender registration information. The Defendant understands that the Defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon the Defendant's release from confinement following conviction.

19. As a condition of supervised release, the Defendant shall initially register with the appropriate state sex offender registration agency in New Mexico, and shall also register with the appropriate state sex offender registration agency in any state where the Defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirements to update the Defendant's registration information. The Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## IMMIGRATION REMOVAL AND OTHER IMMIGRATION CONSEQUENCES

20. The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the district court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's automatic removal from the United States.

## WAIVER OF APPEAL RIGHTS

21. The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction and any sentence, including any fine, at or under the maximum statutory penalty authorized by law. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241, 2255, or any other writ, except on the issue of defense counsel's ineffective assistance. Notwithstanding this waiver of appeal rights as to his conviction and sentence and qualified waiver of appeal rights as to collateral attack, the Defendant, under Federal Rule of Criminal Procedure 11(a)(2), specifically reserves his right to appeal only the District Court's October 20, 2014, Memorandum Opinion and Order (Doc. 62), denying the Defendant's motion to suppress and the District Court's April 19, 2016, Memorandum Opinion

and Order denying the Defendant's motion to reconsider that Memorandum Opinion and Order (Doc. 126). The United States expressly reserves its right to contest on any grounds any appeal.

## GOVERNMENT'S ADDITIONAL AGREEMENT

22. Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

   a. Following the termination of the appeal process, the United States will move to dismiss Counts 1, 2, 4, 5, and 6 of the second superseding indictment.

   b. The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

23. This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

24. The Defendant agrees and represents that his plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this plea agreement and any addenda). There have been no promises from anyone as to what sentence the Court will impose. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

11

## VIOLATION OF PLEA AGREEMENT

25. The Defendant agrees that if the Defendant violates any provision of this plea agreement, the United States may declare this plea agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## SPECIAL ASSESSMENT

26. At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $100 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

27. This document and any addenda are a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties. This plea agreement is effective upon signature by the Defendant and an Assistant United States Attorney.

AGREED TO AND SIGNED this 22nd day of April, 2016.

DAMON P. MARTINEZ
United States Attorney

*/s/ Kristopher N. Houghton*

KRISTOPHER N. HOUGHTON
DEAN TUCKMAN
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico 87102
(505) 346-7274

I have carefully discussed every part of this plea agreement with my client. Further, I have fully advised my client of my client's rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this plea agreement. To my knowledge, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____
JERRY WALZ, ESQ.
Attorney for the Defendant

I have carefully discussed every part of this plea agreement with my attorney. I understand the terms of this plea agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing Guidelines provisions, and of the consequences of entering into this plea agreement.

_____
JASON LOERA
Defendant