IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

        v.         No. CR 13-1876 JB

JASON LOERA,

        Defendant.

## PRELIMINARY ORDER OF FORFEITURE

THIS MATTER having come before the Court upon the United States' Motion for Preliminary Order of Forfeiture (Doc. 181), finds that the motion is well taken and should be granted;

WHEREAS, the defendant, Jason Loera, pleaded guilty pursuant to a Plea Agreement (Doc. 129) to Counts 3 in the Superseding Indictment, that being receipt of a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2256;

WHEREAS, pursuant to his plea agreement, the defendant agreed to forfeit to the United States all his right's title, and interest in the following property:

    A.     Dell Laptop Computer with an internal Hitachi 80 GB hard drive, model HTS541080G9AT00, SN:MPB4PAX6JD264M,
    B.     Maxell CDs Identified by the New Mexico Regional Computer Forensics Laboratory as NM000912, NM000913, NM000914, AND NM000915,
    C.     Any other seized computer or computer related-media that contains evidence or was an instrumentality of a violation of 18 U.S.C. § 2252,

(hereafter collectively referred to as "Subject Property").

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.	Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 982, 18 U.S.C. §§ 2252 and 2253, 28 U.S.C. § 2461(c), and Rule 32.2(b)(1), Federal Rules of Criminal Procedure, the Subject Property is hereby forfeited to the United States.

2.	Upon the entry of this Order, in accordance with Fed. R. Crim. P. 32.2(b)(3), the Attorney General and/or the Secretary of the Treasury (or a designee) is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto, or any property that may be forfeited as substitute assets.

3.	Upon entry of this Order, the Attorney General and/or the Secretary of the Treasury (or a designee is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

4.	To the extent that the Subject Property includes specific property and is not limited to a judgment for a sum of money, the United States shall publish notice of the order and its intent to dispose of the Subject Property on the Government=s internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. Fed. R. Crim. P. 32.2(b)(6).

5.	Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing

without a jury to adjudicate the validity of the petitioner's alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. ' 853(n) and 28 U.S.C. ' 2461(c).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, made part of the sentence and included in the Judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner=s right, title, or interest in the Subject Property, the time and circumstances of the petitioner=s acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner=s claim and the relief sought.

8. If a petition is filed by a third party, and after the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. ' 853(n)(2) for the filing of third party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

_____
UNITED STATES DISTRICT JUDGE

SUBMITTED BY:

*Electronically submitted 3/16/2017*
STEPHEN R. KOTZ
Assistant U.S. Attorney

APPROVED BY:

*Approved via email 3/16/2017*
JERRY WAIZ, ESQ.
Attorney for Defendant