IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No. 13-1876 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| JASON LOERA, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE EXHIBITS OR IN THE ALTERNATIVE TO VACATE SENTENCING**

The United States respectfully requests that this Court deny Defendant Loera's Motion to Strike Exhibits or in the Alternative to Vacate Sentencing. *See* Doc. 194. Thirteen months ago, Defendant pleaded guilty to receiving child pornography in violation of 18 U.S.C. §§2252(a)(2), 2252(b)(1), and 2256. As reflected in the pre-sentence report, and as the United States will show at sentencing, Defendant's relevant conduct includes the repeated downloading of child pornography and the possession of more than 900 images and 60 videos of child pornography. A subset of the children depicted in those photos and videos were identified by the National Center for Missing and Exploited Children (NCMEC). Several of those identified children chose to submit their stories, along with other victim impact material, to the United States. The United States referenced that material on February 21, 2017, in its sentencing response and submitted that material for consideration by the Court last Friday. Those children are not seeking restitution from Defendant Loera, but simply want the Court to recognize them as victims in this case and to understand the impact Defendant's crimes have had on their lives. This evidence squarely falls within the bounds of sentencing and the United States is not obligated to give advanced notice of its sentencing presentation. Defendant Loera's motion is an attempt to delay

further the administration of justice in this case. The United States urges this Court to deny Defendant's motion, hold the hearing scheduled for this Friday, and send Defendant as soon as practicable to a Bureau of Prisons facility where he may receive much needed sex offender treatment, as well as long-term medical treatment.

Defendant's initial sentencing hearing was set for July 22, 2016. After six orders granting motions to continue the sentencing hearing, we are just days away from finally completing the sentencing hearing. Now, after receiving routine victim impact material last Friday, Defendant wants to strike the material or continue the hearing. He complains that he cannot prepare to confront the material in a week's time and that the material should have been provided earlier. Defendant cites no case law in support of his request. And that is because none exists. Outside of *Brady*, *Giglio* and *Jencks*, the United States is under no obligation to provide pre-hearing discovery of the evidence it plans to introduce at sentencing.[1] The United States did so—a week in advance of the hearing—out of courtesy. The United States could have proceeded to sentencing and simply asked the Court to admit the victim impact material at the hearing. In any event, Defendant Loera knew of the existence of such material and the United States' intent to use it when he received the United States sentencing memorandum three months ago.

The United States filed the supplemental exhibits in support of the following paragraph from its sentencing response, which was filed on February 21, 2017:

> The continuing impact of the defendant's crimes is reflected in the impact statements that some of the children depicted in the images found on Defendant Loera's media have provided to the United States, and *which the United States will provide to the Court separately*. The interests of these children in a sentence that reflects the seriousness of the harm they continue to suffer should not be minimized. One girl writes, in part:

---

[1] The Supreme Court held "material to the preparation of the defendant's defense" is limited to discovery of evidence to rebut the government's case-in-chief rather than discovery of evidence to support any affirmative defense. *United States v. Armstrong*, 517 U.S. 456, 462 (1996).

2

> I am writing to tell you what it is like for me to know that pictures of what my father did to me are on the Internet. . . . Everytime someone else sees pictures or videos of me it feels like they are the ones who hurt me to begin with. It feels like they are the ones who did this to me, like they are my father and they just want to use me for their own pleasure. . . Anyone who looks at those horrible pictures of me or other children are abusing us. Anyone who looks is keeping my pain going for the rest of my life. I cry at night because of this. Even though I don't know the names of all of them, I know that they are out there and I am afraid that they are all around me. My fear keeps me from doing things that other girls my age could normally do . . . .

Doc. 172 at ¶ 15 (emphasis added). The United States does not intend to use the victim impact material for any other purpose than that outlined in its sentencing memorandum. It is not relying on the economic valuation to support a claim of restitution and the United States does not expect any of these victims or their lawyers to attend the hearing or make a claim for restitution in this case. This supplemental material is fair sentencing evidence, was referenced in the United States' sentencing memorandum, and does not alter the landscape of sentencing in this case.

In determining the correct sentence to impose, the Court has broad discretion in what types of evidence it may consider. 18 U.S.C. § 3661 states, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Further, U.S.S.G. §6A1.3 states, "[i]n resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." This broad discretion is consistent with the idea that "[h]ighly relevant - if not essential to [the judge's] selection of an appropriate sentence is the possession of the fullest

information possible concerning the defendant's life and characteristics." *Williams v. New York*, 337 U.S. 241, 247 (1949) (footnote omitted).

Moreover, the Confrontation Clause does not apply at sentencing. "The Supreme Court has made clear that the constitutional requirement mandated in a criminal trial as to confrontation and cross-examination do not apply at non-capital sentencing proceedings." *United States v. Beaulieu*, 893 F.2d 1177, 1180 (10th Cir. 1990). Although *Crawford v. Washington*, 541 U.S. 36 (2004) precludes testimonial hearsay at trial unless the declarant is unavailable and the defendant has previously had the opportunity for cross-examination of the statement, the Tenth Circuit has repeatedly held that this holding does not extend to sentencing. *United States v. Bustamante*, 545 F.3d 1200, 1202 (10th Cir. 2006); *see also United States v. Phillips*, 165 Fed. Appx. 677 (10th Cir. 2006) (unpublished).

The type of victim impact material provided by the United States is routine in federal child pornography cases. For example, a District Court in West Virginia that considered such evidence wrote:

> Two victim impact statements written by "Vicky" and one written by her mother were read in open court at Defendant's sentencing. These and other victim impact statements were included in the Government's submissions to the court regarding restitution. The victim impact statements of "Vicky" indicate that, through notices she receives from the NCMEC, she learns about each defendant in a child pornography case who has had access to these images and videos of the abuse she suffered. She states that she has "a right to know who has the pictures," but that when she learns of a defendant having downloaded such images, it adds to and renews the abuse. She states: "Unlike other forms of exploitation, this one is never ending. [Every day,] people are trading and sharing videos of me as a little girl being raped in the most sadistic ways.... They are being entertained by my shame and pain." When these images and videos of her are downloaded, she states, she is "exploited again," her "privacy is breached," and her "life feels less and less safe."

*United States v. Lindauer*, 2011 WL 1225992 at *2, No. 10-cr-00023 (W.D. VA 2011). A search for "victim impact statement" & "Vicky" reveals forty such cases from around the country.

4

After seeking out, downloading, possessing and viewing pictures of the sexual abuse of *real* children, Defendant should not be heard to complain when those children find the courage to speak the truth about how Defendant's conduct has impacted their lives. Accordingly, the United States respectfully requests that this Court deny Defendant's motion to strike these materials and further delay his sentencing hearing.

Respectfully submitted,

JAMES D. TIERNEY
Acting United States Attorney

***Electronically filed on May 24, 2017***
Kristopher N. Houghton
Assistant United States Attorney
P.O. Box 607
Albuquerque, New Mexico 87103
(505) 346-7274

I HEREBY CERTIFY that the foregoing pleading
was electronically filed through the CM/ECF
system, which caused counsel of record for
Defendant to be served by electronic means.

*/s/*
Kristopher N. Houghton
Assistant United States Attorney