UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
SENTENCING MINUTE SHEET

| | | | |
|---|---|---|---|
| CR No. | 13-1876 JB | USA v. | **Loera** |
| Date: | 6/23/2017 | Name of Deft: | **Jason Loera** |
| Before the Honorable | | **James O. Browning** | |
| Time In/Out: | 1:43 p.m./3:00 p.m.=1:17<br>3:19 p.m./5:23 p.m.=2:04 | Total Time in Court: | **3:21** |
| Clerk: | **M. Behning** | Court Reporter: | **J. Bean** |
| AUSA: | **Kristopher Houghton** | Defendant's Counsel: | **Jerry Walz/Alfred Creecy (Appointed)** |
| Sentencing in: | **ABQ** | Interpreter: | **N/A** |
| Probation Officer: | **Kara Thomas** | Sworn? | Yes / No |

| Convicted on: | X | Plea | | Verdict | As to: | | Information | X | Indictment |
|---|---|---|---|---|---|---|---|---|---|
| Plea: | | Accepted | | Not Accepted | Adjudged/Found Guilty on Counts: | **Count 3 of SI** | | | |
| Plea Agreement: | X | Accepted | | Not Accepted | No Plea Agreement | Comments: | | | |
| Date of Plea: | 4/22/2016 | | | | PSR: | X | Not Disputed | | Disputed |
| PSR: | X | Court Reviewed PSR Factual Findings and USSG Calculations and Adopts as Its Own | | | Evidentiary Hearing: | | Not Needed | | Needed |
| Exceptions to PSR: | **see below – not exceptions - corrections to typographical errors** | | | | | | | | |

| SENTENCE IMPOSED | Imprisonment (BOP): | **97 months** | |
|---|---|---|---|
| Supervised Release: | **10 years** | Probation: | 500-Hour Drug Program |

| SPECIAL CONDITIONS OF SUPERVISION | | | |
|---|---|---|---|
| | No re-entry without legal authorization | | Home confinement for _____ months _____ days |
| | Comply with ICE laws and regulations | X | Community service for **150 hours** |
| | ICE to begin removal immediately or during sentence | | Reside halfway house _____ months _____ days |
| X | Participate in outpatient substance abuse program | | Register as sex offender |
| | Participate in outpatient mental health program | X | If recommended in the sex offense specific assessment, attend and participate in sex offender treatment program |
| X | No alcohol or other forms of intoxicants | | Possess no sexual material |
| X | Submit to search of person/property | X | Cooperate and comply with the USPO's Computer Restriction and Monitoring Program (CRMP) |
| | No contact with victim(s) and/or co-Deft(s) | X | No contact with children under 18 years |
| | No entering, or loitering near, victim's residence | X | No volunteering where children or adults with mental or physical disabilities are supervised |
| | Provide financial information | X | Restricted from occupation with access to children |

| | | | |
|---|---|---|---|
| | Grant limited waiver of confidentiality | X | No loitering within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18 years old. |
| X | OTHER:<br>--Comply with the mandatory and standard conditions of supervision, including the sex offender conditions adopted by the District of New Mexico on December 19, 2011;<br>--Submit to substance abuse testing;<br>--Not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances<br>--Undergo a sex offense-specific assessment;<br>--Prohibited from viewing or possessing any material that depicts sexually explicit conduct;<br>--With the written approval of the probation officer, may possess a computer(s) or a personal internet capable device;<br>--Must allow the installation of monitoring software/hardware on your computer system(s);<br>--Must permit random unannounced examination of your computer system(s) | | |

| Fine: | $ | 0.00 | | Restitution: | $ | 0.00 (The Court finds the Mandatory Restitution Act of 1996 applicable in this case; however, no claim for restitution has been made by the victim(s) in this case. Therefore, none will be ordered. |
|---|---|---|---|---|---|---|
| SPA: | $ | $100.00 | | Payment Schedule: | X Due Immediately | Waived |

| | |
|---|---|
| OTHER: | Consistent with a stipulation in the Plea Agreement, the Defendant forfeits rights, title, and interest to the Dell laptop computer with an internal Hitachi 80 GB hard drive model HTS541080G9AT00 serial number MPB4PAX6JD264M, Maxwell CDs, identified by the New Mexico Regional Computer Forensics Laboratory as NM000912, NM000913, NM000914 and NM000915 and any other seized computer or computer-related media that contains evidence or was instrumentality of a violation of 18 U.S.C. 2252. |

| X | Advised of Right to Appeal | X | Waived Appeal Rights per Plea Agreement **(except as to decisions on motions to suppress)** |
|---|---|---|---|
| X | Held in Custody | | |
| X | Recommended place(s) of incarceration: | | FCI Terminal Island, if eligible. |
| X | Dismissed Counts: | | Upon Court's inquiry, AUSA orally moves to dismiss remaining counts of SSI and represents will submit written motion and proposed form of order re: same at later time; Court grants. |
| | OTHER COMMENTS | | **MOTION TO STRIKE:**<br>Court informs will first take up motion to strike; Mr. Walz addresses Court re: same – have narrowed issues significantly – did not know an image was included in letters – no longer taking position exhibits should be stricken or that the sentencing should be delayed, but would like time to argue the weight to be given to the exhibits. Court requests defense counsel submit notice of withdrawal of motion; defense counsel agrees to do so and AUSA does not oppose.<br>**TYPOGRAHICAL ERRORS:**<br>--Defense counsel informs that the dates at the end of para. 1 are incorrect - the reference to "November 20, 2016" should be changed to "November 20, 2012"; AUSA nor USPO oppose revising; Court orders PSR revised re: same.<br>--Mr. Creecy asserts there is a mistake in the plea agreement – references para. 24 – Defendant denies he burned images to CDs – does not dispute is included in factual statement in plea agreement, but in reviewing missed that as something needing to be corrected; Court suggests can remedy by adding the following sentences to the para.: "While the Defendant pled at the time of his plea agreement, he pled to knowingly burning the images of child pornography on CDs.  At the time of sentencing he indicated that he missed that in the plea agreement and now denies that was the |

case."; defense counsel, AUSA and USPO do not oppose – AUSA informs does not believe will change the factual basis of the plea agreement; Court orders PSR revised re: same.
Court suggests following additional changes:
--at para. 54, at the fourth line, adding a ";" after "Mexican Mafia";
--at para. 63, revising the second sentence to read as follows: "The defendant reported in 2007, he had part of his colon removed because it was perforated due to diverticulitis; and that he was treated at Lovelace Hospital in Albuquerque, New Mexico."; also, at the fifth sentence, change "from the colostomy bag, he was treated" to "from the colostomy bag; he was treated";
--at para. 61, revising the first sentence to read as follows: "According to Mr. Jon Valliere, a childhood friend, the current legal situation the Defendant is facing has taken a lot out of the Defendant emotionally.";
--at para. 58, remove the reference to the Defendant first meeting his father at age 16 to instead reflect the Defendant met his father when his father was released from prison at which time the Defendant was 16;
--at para. 65, at the second line, changing "his healthy" to "is healthy";
--at para. 66, revising the third sentence to read as follows: "The defendant stated that, at the age of 17, he began smoking marijuana; the defendant reported that, from 17 years old to 30 years old, he would use marijuana in social settings approximately twice a month."; and,
--at para. 70, adding a ";" after "2014";
counsel and USPO amenable to Court's suggested changes; Court orders PSR revised re: same.
**THIRD LEVEL REDUCTION:**
AUSA informs that whether will move for third level reduction is contingent on whether Defendant continues to say things that are contrary to admissions in plea agreement; Court reviews plea agreement and discusses with counsel - requests that in future these types of situations be handled by way of objection - discusses changes to calculations in PSR given Govt.'s position on the third level reduction; defense counsel argues in opposition to Govt.'s position – asserts Defendant has always accepted responsibility; Court suggests see how things go today and then if Court needs to look at issue will do so.
**DOWNWARD DEPARTURES:**
2:09 p.m. Defense counsel argues in support of downward departures pursuant to 5H1.3 (mental and emotional conditions), as well as in support of request for sentence of 60 months – responds to Court's inquiry; 2:21 p.m. AUSA argues in response in opposition; 2:23 p.m. defense counsel argues in reply in further support; 2:26 p.m. Court denies – will consider arguments in context of downward variance. 2:30 p.m. Court informs views motion for downward departure pursuant to 5K1.1 (substantial assistance) as a variance issue, as 5K1.1 is in sole discretion of Govt.; defense counsel argues in support of same; 2:33 p.m. AUSA argues in response in opposition and responds to Court's inquiry; defense counsel argues further in support of same; 2:39 p.m. Court denies motion – will consider in context of argument for downward variance.
**DOWNWARD VARIANCE:**
2:40 p.m. Defense counsel addresses Court to include argument in support of downward variance – requests recommendation to Terminal Island. 2:57 p.m. Defendant allocutes. Court confirms Defendant accepts responsibility. Court recesses and resumes as reflected above.
**TESTIMONY OF MOON (EXHIBITS FILED UNDER SEPARATE ENTRY):**
Govt. calls Jeffrey Moon (sworn)/conducts direct examination; shows Exs. 42 (ECD Technical Assistance Request); moves admission of same; no objection; Court admits; 3:24 pm. Defense counsel conducts cross examination of Moon; 3:26 p.m. AUSA has no further examination of Moon; Court excuses Moon from proceeding.
**TESTIMONY OF NISHIDA (EXHIBITS FILED UNDER SEPARATE ENTRY):**
3:26 p.m. Govt. calls Brian Nishida (sworn)/conducts direct examination;
AUSA shows and moves admission of Ex. 41 (Nishida CV) and Ex. 36 (2/28/13 Report of Examination); no objection; Court admits. 3:44 p.m. AUSA requests Court accept unsanitized version of images for record; defense counsel objects; Court will only allow sanitized versions to come into the record. AUSA continues conducting direct examination of Nishida; shows Exs. 1 through 16 (does not move admission); shows

| | |
|---|---|
| | and moves admission of Ex. 11 (Defendant's resume), Ex. 35 (*Crawford* decision), Ex. 40 (website listing with references to child pornography) and Ex. 38 (12/2/14 Report of Examination); no objection; Court admits. AUSA shows Exs. 32, 33 and 34 (unsanitized version of images) and Exs. 17 through 23 (unsanitized images depicted in demonstrative) (not moved); AUSA shows and moves admission of Ex. 39 (12/23/15 Report of Examination); no objection; Court admits. AUSA shows Ex. 37 (linked files confirmed opened on laptop) (not moved). 4:18 p.m. Defense counsel conduct cross examination of Nishida; 4:18 p.m. AUSA has no further examination of Nishida; Court excuses Mr. Nishida from proceeding.<br>**ARUGMENT/THIRD LEVEL REDUCTION/IMPOSITION OF SENTENCE:**<br>4:19 p.m. AUSA addresses Court to include argument in support of request for sentence at the high end of range. 4:21 p.m. Court queries counsel re: CDs; defense counsel Creecy responds - position is that there are discs that already had child pornography on them; 4:27 p.m. AUSA argues in response - orally moves for third level reduction based on acceptance – represents will submit written motion and proposed form of order re: same later today – argues further in support of request for 121 month sentence. 4:38 p.m. Court accepts plea agreement – declines to vary downward – provides findings to support imposition of special conditions. USPO confirms Terminal Island is an appropriate recommendation; Court will recommend same. Upon Court's inquiry, AUSA orally moves to dismiss remaining counts of SSI and represents will submit written motion and proposed form of order re: same at later time; Court grants. |